**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTHONY EUGENE PYLES,**

    **Plaintiff,**

**vs.**                                    **Case No. 4:22-cv-00149-MW-MAF**

**ARAMARK FOOD SERVICES,**
**et al.**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, Anthony Eugene Pyles, a pretrial detainee proceeding *pro se*, filed a second amended complaint, which was reviewed as required by 28 U.S.C. § 1915A. ECF No. 9. The complaint is an impermissible shotgun pleading. On three occasions, the Court ordered Plaintiff to file a complaint that comports with the Rules governing these proceedings or the case would be dismissed. See ECF Nos. 6, 8, and 11. Although Plaintiff had until June 3, 2022, to comply with the Court's order, dismissal is appropriate because (1) Plaintiff's claims are barred by the Younger[1] Abstention Doctrine; (2) he may not represent the interests of other inmates; and (3) his

---

[1] Younger v. Harris, 401 U.S. 37, 41 (1971).

claims are, alternatively, moot.

I. **Plaintiff's Second Amended Complaint, ECF No. 9.**

Plaintiff sued two defendants in their official capacities: Aramark Food Services, which operates the kitchen at the Leon County Jail, and Captain Sheffield, the jail's kitchen security supervisor. ECF No. 9, pp. 1-3. From the time Plaintiff arrived at the jail, on December 14, 2021, Aramark served Plaintiff "far below" 2,800 calories per day. Id., pp. 5-6. Plaintiff alleges that, at times, he has not received even 1,500 calories per day. Id. Plaintiff, like other detainees, is charged a mandatory food fee of $2.70 per day. Id.

On March 22, 2022, Plaintiff went to "medical" for a "chronic care visit" and weighed 280 pounds. Id., p. 7. He complained he was not receiving "even 1,500 calories a day." Id. William Kunkle, a physician's assistant, told Plaintiff "Aramark shorts everyone's trays . . . Corizon Medical [has] been trying to get the negligence fixed . . . the person in charge of Aramark needs to be brought up on criminal charges . . . and . . . Aramark does not have a dietician to properly count calories [to] ensure a nutritionally balanced meal for diabetics" like Plaintiff. Id.

On April 4, 2022, Plaintiff returned to medical for lab work and weighed 264 pounds, a sixteen-pound weight loss. Plaintiff told Kunkle he was being starved and punished for threatening to report Aramark to the Board of

Health. Id., pp. 9-10. That night, Plaintiff received a regular tray. Id., p. 10. Plaintiff continued to receive regular trays for the next ten days. Id.

Plaintiff filed his first grievance on December 15, 2021 (the day after his arrival) and more recently, on March 22, 2022. Id., pp. 5-6, 8. "Captain Sheffield who receives all kitchen related requests and complaints" did not respond. Id., p. 6. Plaintiff's family supplements his food by ordering canteen packages for him. Id., pp. 6-7.

Plaintiff admitted that he filed a "writ of mandamus" in the Florida Supreme Court seeking relief on the same issues he raises in this case.[2] Id., p. 10. The case was eventually transferred to the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, pursuant to Harvard v. Singetary, 733 So. 2d 1020 (Fla. 1999). See Leon County Case No. 37 2022 CA 000660, Pyles v. Leon County Sheriff's Office and Aramark. Plaintiff's state case remains pending.

On April 14, 2022, the same day Plaintiff received mail from the Florida Supreme Court, Plaintiff was brought to the jail's administrative unit to

---

[2] Pursuant to Fed. R. Evid. R. 201, the Court takes judicial notice of Plaintiff's state cases involving the same set of facts and allegations.

Online dockets for the Florida Supreme Court cases are found at the following URL: http://onlinedocketssc.flcourts.org/.

Online dockets for Leon County Circuit Court cases are found at the following URL: https://cvweb.leonclerk.com/public/online_services/search_courts/search_by_name.asp

discuss his situation with Captain Sheffield (at the captain's request). Id., p. 11. Plaintiff explained he was not receiving even 1,500 calories per day; there was no response to his grievances; and, out of retaliation, he received less food. Id., pp. 11-12. Sheffield told Plaintiff he required a diet tray because he had clots in his legs and heart problems. Id., pp. 12-13. Plaintiff argued he had access to the canteen to supplement his food and that Kunkle "made it" so he could get "regular trays." Id., p. 12. Plaintiff believes that because his medical records are protected by HIPPA, Sheffield should not have access to that information. Id., pp. 12-13. Sheffield refused to provide Plaintiff with the name of Aramark's director. Id.

Upon returning Plaintiff to his housing unit, Sheffield said the inmates would be served baked chicken, macaroni and cheese, and cake with icing. Id., p. 4. Plaintiff believes that was because someone from the court or health department investigated the issue. Id. However, the next day, Plaintiff received a diet tray again with "not enough to feed a dog." Id. Several days later, on April 22, Plaintiff went to medical again and told Kunkle he "was being starved again" and "to fix it," but Kunkle said he could do nothing about it. Id., pp. 14-15.

According to Plaintiff, Aramark does not have a certified expert dietician. Id., p. 16. Plaintiff alleges violations of the Eighth Amendment,

negligence, and retaliation. Id., p. 17. Plaintiff asks the Court for injunctive relief only, specifically, "an order of protection" against "Aramark and Leon County Detention Facility kitchen staff" directing:

1. "Aramark and Leon County Jail" to hire a non-biased and independent dietician to prevent ongoing- and future retaliation and to ensure Plaintiff receives 2,800 calories per day

2. Aramark's kitchen director and Captain Sheffield to cease cheating inmates of their food.

Id., pp. 16-17. Plaintiff did not seek any other remedy.

The Court ordered Plaintiff to amend his complaint again and granted his motion to proceed *in forma pauperis*. ECF Nos. 11 and 12. However, the orders were returned to the Court as undeliverable and without a forwarding address. ECF Nos. 13, 14. Plaintiff did not file a change of address notice.

## II. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must

'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

Plaintiff's complaint is the quintessential shotgun pleading. "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause

of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Although the complaint is on the required form, it is presented in a narrative form without numbered paragraphs. The facts surrounding Plaintiff's allegations are vague and fail to properly state a constitutional claim. For example, aside from detailing his conversation with Captain Sheffield, Plaintiff provides no set of facts against this defendant to suggest a constitutional violation or that Sheffield is responsible for denying him food. Plaintiff seeks a remedy against the jail, but the jail is not named as a defendant. The persons from whom the injunctive relief is sought must be a party to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842 (11th Cir. 1995). Relief sought against unnamed defendants is due to be denied.

Furthermore, Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Legal conclusions are insufficient. Although Plaintiff was provided an opportunity to amend his complaint, the undersigned finds it would be futile to do so for the reasons stated below.

### III.  The Futility of Claims under Younger v. Harris

As narrated above, Plaintiff raised the identical claims in state court where he is seeking a writ of mandamus. That proceeding remains pending.

It is well-settled that federal courts may not enjoin state court proceedings. Younger v. Harris, 401 U.S. 37, 41 (1971). Younger concerned state criminal proceedings but is also "fully applicable to noncriminal judicial proceedings when important state interests are involved." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). Under Younger, federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate

opportunity to raise any constitutional claims in the state proceeding. See Middlesex, 457 U.S. at 432. With respect to the first Middlesex factor, the relevant inquiry is "whether the federal proceeding will interfere with an ongoing state court proceeding. If there is no interference, then abstention is not required." 31 Foster Children, 392 F.3d at 1276; Newsome v. Broward Cty. Pub. Defs., 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam).

Here, Plaintiff's claims are identical to the ones he raises in state court against Aramark. Although Plaintiff did not name Captain Sheffield as one of the defendants in the state case, the attempt to raise claims against Captain Sheffield in this case would necessarily fail because Plaintiff attributes no constitutional violation to Sheffield. Moreover, if this Court were to make factual findings relating to an Eighth Amendment violation for the denial of food, it could conflict with and potentially affect the pending state case. Plaintiff has adequate opportunity to raise his constitutional claims in the state case and subsequent direct appeals. Dismissal is appropriate.

IV. **Mootness**

The Court also takes judicial notice of the Leon County Jail inmate roster showing Plaintiff is no longer detained there. In fact, according to the Florida Department of Corrections, Corrections Offender Network, Plaintiff is under "active suspense" status in Tampa. The FDOC does not indicate in

which Tampa detention center Plaintiff is housed. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief for two reasons: "(1) it can be said with assurance that 'there is no reasonable expectation . . .' that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (citations omitted).

Here, Plaintiff is no longer housed at the Leon County Jail and there is no reasonable expectation that he would be subject to the denial of food from the same persons. There is no indication that Plaintiff will return to Leon County Jail since he was transferred to Tampa. Thus, the effects of the alleged violation have been eradicated. Plaintiff is not seeking any financial remedy only injunctive relief. This renders his claims moot.

Finally, Plaintiff sought relief on behalf of other jail detainees by asking the Court for an order directing "Aramark's kitchen director and Captain Sheffield to cease cheating inmates of their food." ECF No. 9, pp. 16-17. It is well settled that a non-attorney cannot represent the interests of another individual in litigation. Guardo v. Luna, 432 F.2d 1324 (5th Cir. 1970) ("There is no constitutional guarantee that non-attorneys may represent other people

in litigation.").[3] See also 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). The personal right established under § 1654 "does not extend to the representation of the interests of others." Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008). Moreover, the Eleventh Circuit previously "affirmed the dismissal of the portion of a prisoner's complaint seeking relief on behalf of fellow inmates." Bass v. Benton, 408 F. App'x 298 (11th Cir. 2011) (citing Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972)). Therefore, this claim should be dismissed.

V.  **Conclusion and Recommendation**

It is respectfully **RECOMMENDED** that the case be **DISMISSED** without prejudice because certain claims are barred pursuant to Younger v. Harris, Plaintiff may not represent the interest of other inmates, and because the case is otherwise **MOOT**. It is further recommended the case be **CLOSED**.

---

[3] The Eleventh Circuit is bound by Fifth Circuit law in cases before October 1, 1981. Bonner v. City of Prichard, Alabama, 661 F.2d 1206 (11th Cir. 1981).

IN CHAMBERS at Tallahassee, Florida, on May 17, 2022.

                **s/ Martin A. Fitzpatrick**
                **MARTIN A. FITZPATRICK**
                **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).